CHARLES GLADDING *v.* SAMUEL WARNER AND ALBERT BENNETT,

[IN CHANCERY.]

*Mortgage.    Rents and Profits.    Costs.*

The defendant was assignee of a mortgage, foreclosed against the mortgagor without having made the subsequent mortgagee a party, and was in possession. In ascertaining the amount due on said mortgage, the annual rents and profits from the expiration of the decree of foreclosure against the mortgagor, should first be applied to cancel the interest accruing for the year, and the balance in reduction of the principal of the mortgage debt.

A mandate of a court directing the deduction of *annual rents and profits,* is equivalent to a direction to deduct the rents and profits *annually.*

APPEAL from the court of chancery. This case went to the supreme court once before on an appeal from a decree of the chancellor, and was sent back with a mandate hereinafter stated. The original bill alleged that the defendant Bennett executed two

mortgages of his farm, one to Martha Hunt, and the second to Abner Adams; that a decree of foreclosure was obtained on the Hunt mortgage against the mortgagor, without having made the subsequent mortgagee a party; that after the expiration of the equity the premises were conveyed to the defendant Warner; that the orator became the assignee of the second mortgage; that the defendant Warner, since taking his deed of the premises, has received rents and profits that ought to be applied on the Hunt mortgage to the amount of $400; that the orator tendered to Warner the full amount due him, which he refused to receive, and requested a conveyance of the premises, which he refused to make. The bill was taken as confessed as to the defendant Bennett. The court decreed, according to the prayer, that the orator might redeem on paying Warner the sum due on the Hunt mortgage, reported by the master to be $616.81, within six months, with interest, and on such payment Warner quitclaim to the orator the premises. And that Bennett within eight months pay the sums due on both mortgages, stating them, or be foreclosed. Appeal by the defendant Warner.

Upon the hearing in the supreme court the case was remanded to the court of chancery with a mandate directing, among other things, to have the amount due in equity to the said defendant Warner on the said Hunt mortgage, after deducting therefrom as rents and profits, the annual value of the said mortgaged premises since the decree on said Hunt mortgage expired, ascertained by reference to the master, and to enter a decree that the sum so found due on said mortgage, be paid by the orator to the clerk, for the use of Warner, by some day to be fixed by the chancellor, and that upon such payment being made by the orator, then the orator is to stand as the owner and assignee of said Hunt mortgage.

In accordance with said mandate the case was referred by the chancellor to a master, who reported as follows, to wit:

That the sum due on the Hunt mortgage, at the time limited for the equity of redemption to expire, being April 24, 1855, was $882.69, on which interest up to September 24, 1862, is allowed,

being seven years, five months, $392.98, amounting to $1275.47 ; that the value of the rents and profits of said farm from April 24, 1855, to April 24, 1862, seven years, was $80 per year, amounting to $560. And the value of the rents and profits thereof from April 24, 1862, to September 24, 1862, five months, was $60.00. Making in the whole of rents and profits, $620.00. Leaving the sum due in equity on said mortgage September 24, 1862, $655.47.

That the sum due on the Adams mortgage with interest to September 20, 1862, was $780.87 ; to which report the plaintiff excepted.

1. Because the master allowed full interest on the sum due in equity on said mortgage April 24, 1855, to the present term, but allowed no interest on the rents of eighty dollars per year.

2. Because the master in taking the account between the parties ought to have applied the rents annually as they became due towards cancelling the debt and interest, instead of applying the rents upon the debt and interest at the present time.

At the September Term, 1862, BARRETT, Chancellor, the exceptions were *pro forma* overruled, and the report accepted.

Appeal by the plaintiff.

*Keyes* and *Howe*, for the orator.

The master, in ascertaining the amount of rents and profits, should have made *annual rests* in settling the accounts between these parties, and should have applied the $80, which he found the rents and profits annually to be worth, *at the end of each year*, first in payment of the interest on the mortgage debt, found due at the expiration of Hunt's decree, and the surplus, if any, in reduction of the principal, 2 Strong's Eq., 7 Ed., p. 326, § 1016, note and cases cited.

———— ————, for the defendant Warner.

PECK, J.    This is a bill brought by the orator as assignee of a mortgage, against the defendant Warner as assignee of a prior

Gladding *v.* Warner et al.

mortgage. The orator asks that an account be taken of the rents and profits while the defendant Warner has been in possession, and after applying the same on that prior mortgage, that the orator be allowed to redeem. The bill also seeks to foreclose as against those holding the equity of redemption under the mortgagor. No question arises under this latter aspect of the bill. The defendant Warner resisted the right of the orator to redeem, claiming that his, Warner's, title was absolute. The case was before this court at a former term, when the court decided that the orator had a right to redeem Warner's mortgage, and sent the case back to the court of chancery with a mandate directing that court, among other things, to have the amount due in equity to the defendant Warner on his mortgage ascertained, deducting therefrom the *annual rents and profits* of the premises since the decree on that mortgage expired, (that mortgage having been foreclosed against the mortgagor without making the subsequent mortgagee a party.) The case now comes here on appeal, after an accounting in the court of chancery under that mandate.

In ascertaining the amount due on Warner's mortgage, the master takes the amount due on that mortgage, principal and interest, at the expiration of the decree of foreclosure against the mortgagor, and computes interest on that sum from that date, September 24th, 1855, to September 24th, 1862, and finds the rents and profits to be $80. *per* year for the same period of time, but computes no interest on the rents and profits, and makes no application of the rents and profits until September 24th, 1862. Exceptions were filed by the orator to the report, which were overruled, the report accepted, and decree accordingly.

The only exception now relied on by the orator's counsel is, to the effect that the master should have applied the rents and profits annually, first to cancel the interest accruing for the year, and the balance in reduction of the principal of the mortgage debt. The rule adopted by the master is clearly wrong, and that con-

tended for by the orator's counsel is clearly right. Had the accruing interest upon the mortgage debt been equal to the rents and profits from year to year, the mode adopted by the master would have done no injustice, as in that case the yearly interest not drawing interest, would have been sufficient to have exhausted the rents annually if the application had been made at the end of each year. But such was not the fact. The annual rents exceeded the annual interest, and the excess should have been applied each year upon the principal of the mortgage debt. This is not only the common rule in such cases, but it is the fair construction of the mandate to the court of chancery. The direction to deduct the *annual rents and profits*, is equivalent to a direction to deduct the rents and profits *annually*. If that is not the necessary import of it, it can not be construed as directing a different mode of computation.

It is objected by the defendant's counsel that the master erred on his own ground, since he finds the value of the rents and profits to be $80. *per* year, and allows $60. for rents and profits from April 24th, 1862, to September 24th, 1862. If the court can not take judicial notice that the use of farming lands are more valuable in summer, including seed time and harvest, than in winter, we can not say that the master erred in coming to so sensible a conclusion.

This court is asked to make a decision as to costs. The decree from which this appeal is taken makes no mention of costs on either side. In this respect the decree is as the orator claims it should be, as in chancery costs do not as matter of course follow in favor of the successful party, except costs in this court, but to entitle either party to costs, costs must be awarded by the decree. But the former mandate referred the question of costs to the court of chancery to be disposed of according to the principles and practice of courts of chancery. It appears from the letter of the chancellor communicating his decision, that he did not act on the question of costs, but left that question to be decided after the questions

Gladding *v.* Warner et al.

arising upon the master's report should be decided by this court. This question must be disposed of by the court of chancery under the former mandate.

The decree of the court of chancery is reversed with costs in this court to the orator, against the defendant Warner, with directions to the court of chancery to apply the rents and profits annually, first in payment of the interest, and the balance in reduction of the principal, and in other respects to be proceeded with in accordance with the former mandate.